# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ELMER RICHARDS, ET AL**                          **CIVIL ACTION**

**VERSUS**                                         **NO. 09-1040-RET-DLD**

**CLAY DUNCAN, ET AL**

## O R D E R

The court *sua sponte* notes the potential insufficiency of the removing

defendant's allegation of the citizenship of the parties as follows;

1.  __X__   A party invoking diversity jurisdiction must allege the *citizenship* rather than mere residence of an individual.  In addition, see 28 U.S.C. §1332(c)(2) for infants, minors and an incompetent.  The *citizenship* of the plaintiffs, Elmer Richards, Mary Richards and the minor child Carly Richards, and the defendant, Clay Duncan, are not provided.

2.  __X__   A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983).  The principal place of business of defendant, Enterprise Transportation Company, is not provided.

3.  _____   A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983).  **Even when a liability insurer takes on its insured's citizenship under 28 U.S.C. § 1332(c)(1), its own citizenship still is considered in determining whether complete diversity exists.**  The state of incorporation and principal place of business of _____ is not provided.

4.  ____   A party invoking diversity jurisdiction must properly allege the citizenship of a limited liability company.  For a limited liability company, case law suggests that the citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members.  See *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998).   The citizenship of _____ is not provided.

5.   _____   A party invoking diversity jurisdiction must properly allege the citizenship of a partnership and a limited liability partnership.  For a partnership, case law suggests that a partnership has the citizenship of each one of its partners.  See *International Paper Co. v. Denkmann Assoc.,* 116 F.3d 134, 137 (5th Cir. 1997).  A limited liability partnership or L.L.P. also has the citizenship of each one of its partners, both general and limited.  See *Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1014, 108 L.Ed.2d 157 (1990).   The citizenship of _____ is not provided.

6.   _____   A party invoking diversity jurisdiction must properly allege the citizenship of Underwriters at Lloyd's, London.  The citizenship of Underwriters at Lloyd's, London has not been provided.  See *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853 (5th Cir. 2003), *cert. denied,* 541 U.S. 1073, 124 S.Ct. 2421, 158 L.Ed.2d 983 (2004).

7.   _____   A party invoking diversity jurisdiction must properly allege the citizenship of a sole proprietorship.  A business entity cannot be both a corporation and sole proprietorship; therefore the court seeks to clarify the identity of plaintiff/defendant.  Case law suggests that the citizenship of a sole proprietorship for diversity purposes is determined by the citizenship of its members and/or owners.  See *Linder Enterprises v. Martinringle,* 2007 WL 3095382 (N.D. Tex.).   The citizenship of _____ is not provided.

Accordingly,

**IT IS ORDERED**, pursuant to 28 U.S.C. §1653, that, on or before **February 10, 2010**, the removing defendant shall file an amended notice of removal providing the citizenship of plaintiffs, Elmer Richards, Mary Richards and the minor child Carly Richards, and the defendants, Clay Duncan and Enterprise Transportation Company, by setting forth all citizenship particulars required to sustain federal diversity jurisdiction.

Signed in Baton Rouge, Louisiana, on February 1, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**